## MURPHY v. JOHN HOFFMAN CO.

(Supreme Court, Appellate Division, Third Department. May 8, 1912.)

1. NEW TRIAL (§ 75*)—GROUNDS—INSUFFICIENT DAMAGES.

In an action for the wrongful conversion of personalty sold by defendant for $2,800, plaintiff is entitled to a new trial on verdict for $900 on the grounds of insufficiency of the damages, and that the verdict is against the evidence.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 151, 152; Dec. Dig. § 75.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. TROVER AND CONVERSION (§ 37*)—ACTIONS—EVIDENCE—ADMISSIBILITY.**
In an action for wrongful conversion of personalty which plaintiff bought at a sale by a receiver in bankruptcy, in proceedings against a third party, it was improper to exclude evidence offered by defendant to show that the bankrupt and the receiver had no title to the property, though the fact that the bankrupt was in possession gave the receiver and under him to plaintiff prima facie evidence of ownership.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 225–227; Dec. Dig. § 37.*]

Appeal from Special Term, Rensselaer County.
Action by William E. Murphy against the John Hoffman Company. From the judgment and from orders denying motions for a new trial, both parties appeal. Reversed, and new trial granted.

See, also, 138 App. Div. 931, 123 N. Y. Supp. 1130.
Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Shaw, Bailey & Murphy, of Troy (H. D. Bailey, of Troy, of counsel), for plaintiff.
James Farrell, of Troy, for defendant.

JOHN M. KELLOGG, J. [1, 2] The Dodge Drygoods Company was in the possession of certain show cases and property in 1903. Bankruptcy proceedings were instituted against it, and the receiver in bankruptcy sold the property to the plaintiff. The defendant took the property, claiming it as its own, and immediately sold it for $2,800. The plaintiff purchased the property, with other property, for $1,665, but at a sale where there was no real bidding, and when it was understood that the title to the property was contested and in dispute. If the defendant wrongfully converted the property, it is evident that the verdict enables it to profit by its own wrong, as it will pay but $900 for property which it wrongfully converted and immediately sold for $2,800. From the fact that the defendant realized $2,800, and other facts in the case, it is evident that the verdict of the jury is excessively small, and entirely inadequate to compensate the plaintiff. The plaintiff is therefore entitled to a new trial upon the ground that the damages are insufficient and the verdict against the evidence. The fact that the bankrupt was in possession of the property gave to the receiver, and consequently to the plaintiff, prima facie evidence of ownership. But the defendant attempted to show that the bankrupt and the receiver had no title to the property. This was excluded apparently for the reason that the plaintiff acquired a title by the receiver's sale. It is evident that the receiver could obtain no better title to the property than the bankrupt had. The defendant, as against the bankrupt, the receiver, or a purchaser at receiver's sale, might establish its title to the property. The record does not indicate that the litigation in which the receiver personally was a party was conducted in such manner and with such result as to be binding upon the defendant, and we cannot say that as against the defendant it establishes any title in the plaintiff. If facts exist which would make

it binding· upon the defendant, there has been a failure to establish·them.

The defendant is therefore entitled to a new trial on the ground that it was erroneously prevented from showing its alleged title or interest in the property as against the Dodge Drygoods Company, the receiver, and the plaintiff. The judgment and order should therefore be reversed and a new trial granted, without costs. All concur. BETTS, J., in result.