### SHERRY v. JANOV.

(Supreme Court, Appellate Term, First Department. October 23, 1912.)

1. FRAUDULENT CONVEYANCES (§ 281*)—RETENTION OF POSSESSION BY DEBTOR.—EFFECT.

The retention by a judgment debtor of apparent possession of property placed in the hands of a receiver for several months after the debtor had delivered an alleged bill of sale therefor to his son, and up to the time the receiver took possession, would raise a presumption that the bill of sale was fraudulent, so as to make out a prima facie case of ownership by the receiver upon his taking possession.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 800, 816; Dec. Dig. § 281.*]

2. RECEIVERS (§ 74*)—INTERFERENCE WITH RECEIVER'S POSSESSION.

While the interference by a judgment debtor with the possession of his property in the hands of a receiver would constitute a contempt by

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

the debtor, such interference by a third person without his participation would not make him guilty of contempt.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 132–135; Dec. Dig. § 74;* Contempt, Cent. Dig. § 56.]

Appeal from City Court of New York, Special Term.

Action by Yetta Sherry against Morris Janov. From an order fining defendant for contempt for interfering with the possession of a receiver in supplementary proceedings, defendant appeals. Reversed, and motion denied.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

David H. Solotaroff, of New York City, for appellant.
Herman Turkel, of New York City, for respondent.

GUY, J. Plaintiff respondent recovered judgment against the defendant appellant on May 29, 1912, under which appellant was subsequently examined in supplementary proceedings and a receiver appointed, who took possession of a restaurant then apparently in the possession of the defendant. On July 11th the receiver appointed the defendant's son as receiver's agent to run the business, and the following day found the defendant again in possession, who told the receiver that his son was the owner of the property. The premises remained in the possession of relatives of the defendant until July 22d, when the receiver again took possession and locked the premises, retaining the key thereto. On July 24th he found the premises again open, without his consent, and occupied by relatives of the defendant, who have ever since remained in possession, and refuse to deliver the same to the receiver.

The affidavit of the defendant appellant states that defendant's son was the owner of the restaurant by virtue of a bill of sale purporting to have been executed on March 25, 1912, and filed June 4, 1912, and that the defendant, at the time the receiver took possession and subsequently, was in the store as an employé of his son; and defendant denies that he participated in any respect in the forcible ejection of the receiver. The court below held that the defendant appellant was unworthy of belief, and that he had participated in the forcible ejection of the receiver; but there is no sufficient allegation of any fact justifying this conclusion. On the contrary, a daughter of the defendant makes affidavit that she entered and took possession of the premises through the use of a key which was given her by her brother, and that defendant had nothing to do with such entry of the premises by her.

[1, 2] While the fact that the judgment debtor was in apparent possession of the premises several months after the execution and delivery of the alleged bill of sale, and up to the time the receiver took possession, would raise a presumption that the bill of sale was fraudulent, and would, upon the receiver's taking possession, give

to him prima facie evidence of ownership (Murphy v. John Hofman Co., 151 App. Div. 353, 135 N. Y. Supp. 416), an interference with which would constitute a contempt, such interference on the part of a third person, without any participation therein by the defendant, furnishes no basis for an adjudication that defendant was guilty of a contempt.

The order must therefore be reversed, with $10 costs and disbursements to the appellant, and motion denied. All concur.